IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JEREMY CROOMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:23-cv-100 (MTT) |
| | ) |
| DERRICK LOFTON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

On March 20, 2023, Plaintiff Jeremy Crooms, proceeding pro se, filed this action against Defendants Derrick Lofton and Kelvin Harris alleging civil rights violations. Doc. 1. Crooms contemporaneously moved to proceed *in forma pauperis*. Doc. 2. On March 28, 2023, the Court denied Crooms's motion to proceed *in forma pauperis* and ordered him to pay the required filing fee by April 27, 2023. Doc. 3. Crooms paid the filing fee on April 26, 2023. Then, on May 9, 2023, after some confusion with the Clerk's Office, the Court reminded Crooms "of his responsibility to effect timely service pursuant to Federal Rule of Civil Procedure 4(m)."[1] Doc. 5.

Pursuant to Federal Rule of Civil Procedure 4(m), the plaintiff must serve the defendants with all appropriate papers within 90 days after the complaint is filed. Because more than 90 days have passed from the date Crooms filed his complaint, and

---

[1] On May 2, 2023, the Court ordered Crooms to show cause why his case should not be dismissed for failure to pay the filing fee and for failure to comply with the Court's order. Doc. 4. After that Order was issued, the Court was informed that the fee had been paid, but due to a clerical error, Crooms's payment was not reflected on the docket. That was corrected, and the Court vacated its show cause Order. Doc. 5.

there is no evidence in the record of service on the defendants, Crooms was ordered to show cause no later than August 28, 2023, why his case should not be dismissed for failure to serve the defendants pursuant to Rule 4(m).  Doc. 6.  Crooms was also advised that failure to fully and timely comply with this Court's order may result in the dismissal of this action.  Crooms failed to respond.[2]

Due to Crooms's failure to follow the Court's Orders and timely serve the defendants, this case is hereby **DISMISSED** without prejudice.  *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing *Lopez v. Aransas Ctny. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("The court may dismiss an action sua sponte … for failure to prosecute or failure to obey a court order.").[3]

**SO ORDERED**, this 6th day of September, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Even when a plaintiff cannot demonstrate good cause, district courts "must still consider whether any other circumstances warrant an extension of time based on the facts of the case."  *Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020).  Thus, a district court "may exercise its discretion to dismiss a case without prejudice or to direct service to be accomplished within a set time only after it evaluates any factors that may bear on this determination."  *Id.* (explaining "a district court's dismissal of a case under Rule 4(m) after finding that the plaintiff did not demonstrate good cause but before considering whether the facts of the case justify a permissive extension of the service period is 'premature.'").  The Eleventh Circuit has explained that "where the statute of limitations would preclude refiling, or where the defendant evades service or hides a problem with attempted service, the Advisory Committee Note to Rule 4(m) suggests that an extension might be appropriate."  *Id.* (citing Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendments).  Here, Crooms's complaint alleges civil rights violations that occurred on March 20, 2020, and April 14, 2020.  Docs. 1; 1-1; 1-2.  The Court assumes Crooms brings claims under 42 U.S.C. § 1983 based on his failure to specify and his request for money damages.  All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought."  *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).  Georgia has a two-year statute of limitations for personal injury actions.  *See* O.C.G.A. § 9-3-33.  Consequently, Crooms's apparent claims may have been barred before he filed this action, and it is even more likely they are now barred.  Based on the facts of this case, the Court does not find any circumstances that warrant an extension of time for service, even if one had been requested.

[3] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).